Attorney Richard DeSalle is appearing on behalf of Appellant John Fremont Steel in case numbers 10-56079 and 10-56193, which have both been consolidated into the single action for which we are having argument this afternoon. I would note as an administrative point, the appellant in this case recently settled with the investigator defendants who were previously a party and just this past week they have been dismissed from this appellate action. So on that basis, appellant is going to focus the oral argument today explicitly and exclusively on the remaining appellees today. Do we have a final judgment here? Excuse me? Do we have a final judgment? A final judgment as to whom? As to everything. We can't have an appeal without a final judgment. Do you have a final judgment? The judgment that is being appealed today, there are two judgments. The first is for the attorney's fees, which was adjudicated and ordered at the district court level. The case itself is still active and the appellant... Did you get a 54B severance? No, I haven't, your honor. No jurisdiction. I think you're out of luck. If the case is still pending at the district court, unless you have a final judgment that's all claims from all parties, you can only appeal if you get a 54B severance from the district court. If you don't, then we have nothing to say. I mean, the case is still ongoing at the district court, right? As to other parties? That's correct. As to other parties, that's correct. How do you have a final judgment? I apologize to the court. This is my first foray into appellate work. I was under the impression we had our ducks in a row when we filed. I was not aware of this requirement, and I would request that... Well, you can argue, but, you know, it's jurisdictional. It's not one of those things that we can just waive. Correct. We may be able to send it back to you to make a 54B motion. I don't know. Perhaps a professor here can enlighten us. Well, I don't know if we have jurisdiction. I mean, we can say we don't have jurisdiction, and I guess yours is back in the district court. We'd have to send it back because it really never came here. And I guess you can ask for a 54B from the district court at that point. Whether it's timely, I don't know. Shall I proceed with the argument today? Not much point, I don't think. Let me make sure I understand who's settled out and who's not settled out. The appeal that you're trying to bring is against the attorneys? Correct. And there were other parties who were subject to the same attorney's fees ruling and judgment who have recently settled. Those are the investigative defendants. Correct. So they're gone. So the only issue, the only appeal you're trying to bring is the attorney defendants. That's correct. And they're still in the case, correct? No, they were actually dismissed in the second. So they're out of the case. Okay, it was the investigative defendants who were still in the case. It was the attorneys' fees. The attorneys were now out. It's too bad that you didn't know ahead of time because usually it's fairly easy for the district court to give you a 54B if the parties are gone and to allow an appeal on that. It's possible that if you go back and ask for it now, you could, although as to timeliness, I don't know. Well, then I'll defer to the court's discretion as to whether or not it should proceed this afternoon. I don't see any point in it. I don't think so. Okay. Very sorry. Unless your adversary wants to give us a reason why we do have jurisdiction. I was hoping to have a chance to be disagreeable, but I'm not today, Your Honor. I am agreeable with that. So thank you. Okay. Thank you. As my colleague suggested, you might go to the district judge and ask for 54B. Okay. Thank you. All rise. This court for this session stands adjourned.
judges: Kozinski, Reinhardt, Fletcher